St. Louis Southwestern Railway Company *v.* Phoenix Cotton Oil Company.

Opinion delivered January 11, 1909.

1. Carriers—delay in shipment of freight—defense.—A carrier, sued for damages on account of delay in shipping freight, cannot defend on ground that it had cars enough to transport all freight tendered for shipment, but that a large per cent. of its cars were off its line engaged in taking to their destination shipments offered along the line for points in other States. (Page 596.)

2. Same—restrictions of liability—consideration.—Stipulations in a bill of lading restricting a carrier's liability are not binding where there was no consideration for them, no choice of rates or contracts being given to the shipper. (Page 597.)

3. Instruction—relevancy to issues.—An instruction upon an issue not sustained by the evidence was properly refused. (Page 597.)

4. Carriers—claim for damages—accrual.—A claim for damages to freight in transit accrues upon the delivery of the goods in a damaged condition. (Page 597.)

5. Same—measure of damages for injury to freight.—The measure of damages for freight injured in transit is the difference in value between the goods as they would have arrived but for the carrier's negligence and their actual condition when delivered. (Page 597.)

Appeal from Greene Circuit Court; *Frank Smith,* Judge; affirmed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

1. A carrier is not liable in damages for failure to ship promptly goods tendered to it for shipment, where there is an unavoidable shortage of cars resulting from an unforeseen and unexpected accumulation of business along its line. 70 Ark. 357; *Id.* 59; 61 Ark. 560; 43 L. R. A. 225 and notes.

2. In this case the cotton was damaged when received.

3. Under the stipulation in the contracts providing against liability if the cotton was injured from moisture, decay or dirt, appellee is not entitled to recover. 39 Ark. 523; 40 Ark. 375; 44 Ark. 208; 50 Ark. 397; 67 Ark. 407.

4. Because of failure to give written notice within ninety days of its claim, stating the nature and extent of the damages, appellee ought not to recover.

*Johnson & Burr,* for appellee.

1. This action is not based upon a failure to furnish cars, but upon delay in shipment. Cases cited by appellant do not apply. When goods are offered for shipment, and at the time conditions exist that will prevent the carrier's delivering them within a reasonable time, the latter may refuse to accept them for shipment; but if it accepts them without informing the shipper of the conditions and that prompt delivery can not be made, such acceptance is tantamount to an agreement to deliver within a reasonable time, except for subsequent excusing cause. 89 S. W. (Mo.), 908-10; 79 Mo. 296.

2. There is no evidence whatever that the cotton was damaged when received by the railway company.

3. Contracts limiting the liabilities imposed on carriers by law are void unless based upon a consideration. 73 Ark. 112; 112 S. W. (Ark.), 742. No reduced rate nor other consideration is shown, nor any opportunity offered to appellee to contract for unrestricted transportation. 81 Ark. 469; 57 Ark. 112.

Hill, C. J. The Phoenix Cotton Oil Company of Memphis, Tenn., purchased cotton at Arkansas points and shipped it to Memphis over the line of the St. Louis Southwestern Railway Company. On November 27, 1906, one bale was shipped from Marmaduke; on December 14, 1906, five bales were shipped from the same place; on December 17, 1906, one bale was shipped from Paragould; on December 18, 1906, two bales were

shipped from Rector; and on December 29, 1906, seven bales were shipped from Marmaduke. These sixteen bales were delivered to the Oil Company in Memphis as follows: One bale on January 2, 1907; three on January 8, 1907; one on January 10, 1907; four on January 14, 1907, and seven on January 17, 1907.

The Oil Company sued for $347.34 damages to the cotton, incurred on account of the delay in the shipments, and recovered the amount sued for; and the railroad company has appealed.

It is admitted that the proof shows the cotton was damaged to the extent sued for when it was delivered in Memphis, but appellant seeks to avoid liability upon four grounds, which will be discussed in the order presented:

I. It is contended that the railroad company was unable to ship promptly on account of shortage of cars, resulting from an unexpected and unforeseen accumulation of business on its line, and that it did ship as promptly as possible.

The evidence of the railroad trainmaster is that in November and December, 1906, the company, although equipped with more freight cars per mile than any other company in the State, was unable to move its freight promptly on account of the freight being chiefly sent beyond its line, and because it could not get its cars back. He says that if the company had seventy-five per cent. of its own equipment in its possession it could easily have moved all business offered, but that eighty per cent. or more of its equipment was off the line, engaged in taking to their destination shipments offered along the line for other points in other States. That for this reason the company was unable to promptly move the cotton for whose damage this suit is prosecuted.

This question was considered in *St. Louis S. W. Ry. Co.* v. *State*, 85 Ark. 311, and the court there held that the failure of the company to control its own cars did not excuse it to the shipper. There is nothing shown here to take this case without the principle controlling that one. Other questions on this subject have been discussed, but as appellant's own evidence brings it within this case it is not necessary to pursue them.

II. It is contended that the cotton was damaged when received by the railroad company. The testimony of the agent of the oil company who bought all of this cotton is that he did not

purchase a damaged bale of cotton; the testimony as to the damaged condition of the cotton on its delivery to the oil company is undisputed.   The jury was the final judge in this matter.

III and IV.   The third and fourth grounds arise on stipulations in the contract of shipment, and there appears to have been no consideration for the contract; no choice of rates or contracts was given, and the agents only authorized to ship on the terms of this contract; but if the contract is given force, the result is the same.

The court refused an instruction based on a clause providing that the railroad company should not be liable for damages or injury caused by water, moisture or decay while in transit. There was no evidence to justify the submission of such an instruction.

The other clause relied upon required notice in writing, distinctly setting forth the claim, to be given within ninety days from the date of the accrual of such claim.   The action for damage to the goods in transit accrued when the goods were delivered in the damaged condition.   The measure of liability is the difference in value between the goods as they would have arrived but for the negligence of the carrier and their actual condition when delivered.   The claim was made within ninety days after the first bale was delivered; and appellant's contention that the claim accrued prior to delivery in Memphis is untenable.

The judgment is affirmed.